| ^OWNING, J.,
specially concurring.
I write this specially concurring opinion to state an additional ground on which I would affirm the judgment of the trial court. It is undisputed that Hurst was not the owner of the allegedly uninsured automobile he was operating. And we are aware of no law, and Judson has cited none, compelling a non-owner of an automobile to own or maintain motor vehicle *56 liability insurance.[2] Accordingly, the trial court committed no error in concluding that the terms of La. R.S. 32:866 were inapplicable to Hurst.
We are aware of the strong policy against rewarding uninsured motorists involved in accidents. However, the language of the statute is clear and should be applied accordingly. The statute imposes remedial measurers on owners or operators “who [fail] to own or maintain compulsory motor vehicle liability security.” La. R.S. 32:866(A). Since Hurst is under no apparent duty to obtain compulsory motor vehicle liability security in connection with the vehicle at issue, we cannot conclude that he has failed to do so.

. Cf. La. R.S. 32:865 which imposes potential criminal liability for a non-owner who knowingly drives an uninsured automobile and La. R.S. 32:872(B) which requires suspension of the license of an uninsured owner or operator involved in an accident unless the owner or operator posts security in an amount determined by the commissioner of motor vehicles.